IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-cv-480-BO

| | | |
|---|---|---|
| FLORINDA BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This cause is before the Court on defendant's motion to dismiss for failure to state a claim and motion to stay discovery pending ruling on defendant's motion to dismiss. For the reasons discussed below, the motion to dismiss for failure to state a claim is denied without prejudice and the motion to stay is dismissed as moot.

## BACKGROUND

Plaintiff brings this Federal Tort Claim Act (FTCA) action after falling on the steps outside of the Veteran's Administration (VA) in Fayetteville, North Carolina. On January 2, 2018, plaintiff entered the VA Hospital at 2300 Ramsey Street in Fayetteville, North Carolina through the side entrance. DE 1 at ¶ 10. When plaintiff exited the front door of the facility, she slipped and fell on the stairs at the front entrance and suffered a left comminuted, impacted intra-articular distal radial fracture and injury to her face, among other injuries. *Id.* at ¶¶ 11–12.

At all relevant times, the VA Hospital and the area where plaintiff fell were under the exclusive control of the United States Department of Veterans Affairs. *Id.* at ¶ 13. At the time of plaintiff's fall, the VA had recently replaced the concrete stairs at the front entrance with new slate/tile-surfaced stairs. *Id.* at ¶ 14. Plaintiff did not know the stairs were slippery, and there were

no warnings about the slippery condition of the stairs. *Id.* at ¶ 15. After her fall, plaintiff immediately sought treatment from defendant's doctor at the VA Hospital. *Id.* ¶ 19. The doctor acknowledged the dangerous and slippery nature of the steps and informed plaintiff that the VA would pay for plaintiff's medical treatment related to her fall. *Id.*

Plaintiff filed this action in September 2020 alleging general negligence by the United States by the FTCA. Plaintiff seeks relief based upon personal injuries and related damages. Defendant has moved to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff timely responded to defendant's motion to dismiss, and the issue is ripe for disposition.

## DISCUSSION

Defendant has moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Iqbal*, 556 U.S. at 678. The Court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Generally, the United States and its agents, acting within the scope of their official government employment, enjoy sovereign immunity. *United States v. Sherwood*, 312 U.S. 584,

586 (1941). The Federal Tort Claims Act (FTCA) provides a limited waiver of sovereign immunity, however, providing the exclusive remedy "for injury or loss of property . . . arising or resulting from the negligent or wrongful act or omission of any employee of the [United States] while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Under the FTCA, the substantive law of the place where the act or omission occurred is the law that must be applied. *Cibula v. United States*, 551 F.3d 316, 319 (4th Cir. 2009) (citing 28 U.S.C. § 1346(b)(1)). Because the acts or omissions in this case took place in North Carolina, the Court applies North Carolina law.

"[I]n order to prevail in a negligence action, plaintiffs must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages." *Camalier v. Jeffries*, 340 N.C. 699, 706, 460 S.E.2d 133, 136 (N.C. 1995) (citing *Lamm v. Bissette Realty, Inc.*, 327 N.C. 412, 395 S.E.2d 112 (N.C. 1990)). In order to prove negligence in a premises liability case, a plaintiff must show that the defendant either "(1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence." *Roumillat v. Simplistic Enters., Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342–43 (N.C. 1992), *abrogated on other grounds by Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (N.C. 1998) (citing *Hinson v. Cato's, Inc.*, 271 N.C. 738, 739, 157 S.E.2d 537, 538 (N.C. 1967)).

Plaintiff's complaint fails to show either that defendant negligently created the condition causing the injury or that defendant negligently failed to correct the condition after actual or constructive notice of its existence. As to the first theory, plaintiff alleges that defendant created the condition causing the injury by claiming that defendant replaced the steps with a slate/tile surface, but there is no allegation that defendant acted negligently. Defendant correctly argues that the Court must infer that the stairs were negligently installed or make some other inference, such

3

as an inference that defendant's decision to replace the stairs was, in itself, negligent. Therefore, plaintiff has failed to show that defendant *negligently* created the condition that caused plaintiff injury.

Plaintiff also attempts to argue that defendant had actual knowledge that the stairs were dangerous, yet failed to correct the condition. Plaintiff specifically alleges that a VA doctor at the facility where plaintiff fell acknowledged the dangerous and slippery nature of the steps. However, there is nothing in the complaint alleging that, because the doctor knew the stairs were slippery, the VA itself knew the stairs were dangerous. Plaintiff does not even allege that the doctor was an agent of defendant. Therefore, the plaintiff has failed to show the defendant, rather than just a doctor somehow associated with defendant, had actual knowledge of the condition that injured plaintiff.

However, a fair reading of plaintiff's complaint, clearly puts defendant on notice of the claim. Accordingly, and as leave to amend should be freely given, Fed. R. Civ. P. 15(a), the Court will permit plaintiff an opportunity to amend her complaint to meet the pleading requirements.

## CONCLUSION

For the reasons discussed above, defendant's motion to dismiss for failure to state a claim is DENIED WITHOUT PREJUDICE. [DE 10]. Plaintiff is permitted fourteen (14) days to file an amended complaint consistent with the foregoing, should she so choose. Defendant's motion to stay discovery pending ruling on defendant's motion to dismiss is DISMISSED as MOOT. [DE 14].

SO ORDERED, this the __22__ day of January, 2021.

*[signature: Terrence Boyle]*

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE