IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-480-BO

| | | |
|---|---|---|
| FLORINDA H. BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for entry of default and defendant's motion to file out of time a responsive pleading. For the following reasons, plaintiff's motion is denied, and defendant's motion is granted.

BACKGROUND

On September 11, 2020, plaintiff Florinda Butler filed a complaint alleging defendant was negligent in the installation and maintenance of stairs at the Veteran Affairs Office in Fayetteville, North Carolina. DE 1. Defendant filed a motion to dismiss the complaint on November 23, 2020 and a motion to stay discovery pending resolution of its motion to dismiss on December 3, 2021. DE 10, 14. On January 25, 2021, the Court denied defendant's motion to dismiss, allowed plaintiff to amend her complaint, and issued an order for a discovery plan. DE 16, 17. On February 1, 2021, plaintiff filed an amended complaint, and an answer was due to be filed by February 16, 2021. DE 18. On February 17, 2021, plaintiff filed a motion for entry of default. DE 19. Defendant filed the instant motion to file out of time a responsive pleading on February 18, 2021. DE 21.

## DISCUSSION

Defendants have filed a motion for extension of time to file an answer to plaintiff's amended complaint. Where a motion to extend time is filed after the deadline for filing has expired, the moving party must show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). In determining if a party's neglect is excusable, courts consider "the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Agnew v. United Leasing Corp.*, 680 Fed App'x 149, 155 (4th Cir. 2017).

Plaintiffs have not responded in opposition to this motion, and the time for doing so has passed. Defendant filed this motion, with the attached answer, only two days after the deadline for filing its answer passed and only one day after plaintiff filed a motion for entry of default. Defendant asks for the extension because the sole attorney assigned to the matter for the government had an unexpected family medical emergency, requiring extended stays at a hospital and significant sick leave and time away from work. The answer was not filed because of the attorney's unexpected absence and handling of the unexpected family emergency. Plaintiff will suffer no prejudice from the delayed filing of the answer. Defendant has also not been dilatory in this case, and it previously filed an answer, a motion to dismiss, and a motion to stay in this case. For good cause shown, the Court grants defendants' motion for extension of time to file out of time a responsive pleading. This Court deems defendant's answer timely filed.

Plaintiff filed a motion for entry of default because defendant failed to respond to plaintiff's amended complaint by the deadline of February 16, 2021. Because the Court has

extended the time to answer and deemed the answer timely filed, plaintiff's motion for entry of default is properly denied.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to file out of time a responsive pleading is GRANTED [DE 21]. The Clerk is DIRECTED to file defendant's proposed answer to plaintiff's amended complaint as of the date of the entry of the order. The Court deems defendant's answer as timely. Plaintiff's motion for entry of default is DENIED. [DE 19].

SO ORDERED, this 22 day of March, 2021.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE